IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Horace Sublett,<br><br>   Petitioner,<br><br>vs.<br><br>Ivan Bartos, et al.,<br><br>   Respondents. | No. CV-06-847-PHX-JWS (LOA)<br><br>**REPORT AND RECOMMENDATION** |

   This matter arises on Petitioner's Petition for Writ of Habeas Corpus by Person in State Custody Pursuant to 28 U.S.C. § 2254. (docket # 1) Respondents filed an Answer to the Petition asserting that it is untimely and that Petitioner's claims are procedurally defaulted (docket # 10) to which Petitioner has replied (docket # 11). In his Reply, Petitioner requests an evidentiary hearing. An evidentiary hearing is not required in a habeas proceeding where reference to the state court record can resolve the issues. Totten v. Merkle, 137 F.3d 1172, 1176 (9th Cir. 1998)(holding that petitioner was not entitled to an evidentiary hearing on his claim of ineffective assistance of counsel.) Here, the record is sufficient to resolve the issues presently before the Court without an evidentiary hearing.

## BACKGROUND

   In 2001, Petitioner was convicted of one count of first-degree murder and one count of aggravated assault in Arizona Superior Court, Maricopa County.[1] (Respondents' Exh. B at 1, 4-5) Petitioner appealed his convictions and sentences raising the following claims: (1) the

---

[1] The Honorable Louis A. Araneta presided.

trial court erred in denying defense counsel's motion to continue trial and the court's ruling deprived Petitioner of the effective assistance of counsel; (2) the trial court erred in instructing the jury on transferred intent; and (3) the prosecutor engaged in misconduct during closing argument. (Respondents' Exh. A at 12-26) On March 14, 2002, the Arizona Court of Appeals rejected Petitioner's claims and affirmed his convictions and sentences. (Respondents' Exh. B) Petitioner filed a petition for review to the Arizona Supreme Court which was denied on August 12, 2002. (Respondents' Exh. D)

In the meantime, on June 21, 2002, Petitioner filed a notice of post-conviction relief in the Superior Court. (Respondents' Exh. E) The court appointed Petitioner counsel. On October 10, 2002, counsel filed a notice advising the court that he had found no viable issues to raise and requesting additional time for Petitioner to file a *pro se* petition. (Respondents' Exh. F)   The trial court granted counsel's motion. (Respondents' Exh. G) On April 30, 2003, Petitioner filed a *pro se* petition for post-conviction presenting a state law claim that trial counsel was ineffective in failing to investigate. (Respondents' Exh. H) On August 29, 2003, counsel filed a supplemental petition arguing that a substantial change in Arizona law regarding transferred intent invalidated Petitioner's aggravated assault conviction. (Respondents' Exh. I) The State filed a response conceding the error on the transferred intent issue but arguing that Petitioner's claims of ineffective assistance of counsel lacked merit. (Respondents' Exh. J)

On August 6, 2004, the trial court granted post-conviction relief on the transferred intent issue and vacated Petitioner's conviction of aggravated assault. (Respondents' Exh. K) The trial court rejected Petitioner's claims of ineffective assistance of counsel and denied his request for relief on the first-degree murder conviction. (Respondents' Exh. K) Thereafter, on August 26, 2004, the trial court granted the State's motion to dismiss the aggravated assault count with prejudice. (Respondents' Exh. L) Petitioner did not seek appellate review of the trial court's denial of post-conviction relief on the first-degree murder conviction.

On March 10, 2006, Petitioner delivered his pending Petition for Writ of Habeas Corpus to prison officials for mailing. Houston v. Lack, 487 U.S. 266, 270-76 (1988)(stating that federal habeas petition is deemed filed when prisoner delivers it to prison officials for

mailing). Petitioner raises the following claims for relief: (1) trial counsel failed to adequately prepare and investigate; (2) post-conviction counsel failed to raise a claim of ineffective assistance of trial counsel on post-conviction review; and (3) Petitioner is innocent and no one will help him. (docket # 1)

Respondents assert that Petitioner's claims are time-barred and, alternatively, that Petitioner's claims are procedurally defaulted and barred from federal review. Petitioner disputes these assertions.

## **ANALYSIS**

### **I. Timeliness under the AEDPA**

Title 28 U.S.C. § 2244 provides, in pertinent part, that:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.
>
> The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

28 U.S.C. § 2244(d)(1)(A).

Section 2244(d)(1)(A) does not define "final by the conclusion of direct review." However, the Supreme Court has explained that "by 'final,' we mean a case in which a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for writ of certiorari elapsed or a petition for certiorari finally denied." Griffith v. Kentucky, 479 U.S. 314, 321 n.6 (1987) (quoting United States v. Johnson, 457 U.S. 537, 542 n.8 (1982)). Thus, the period of direct review includes the period within which a petitioner can file a petition for writ of certiorari to the United States Supreme Court. Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). The one-year limitations period is tolled for the time period during which a properly filed application for post-conviction relief or other collateral review is pending in the state court. 28 U.S.C. § 2244(d)(2). This time period includes the intervals between the disposition of an appeal or post-conviction petition and the filing of an appeal or successive

petition at the next state appellate level. Carey v. Saffold, 536 U.S. 214, 220-21 (2002); Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

### A. Application to Pending Petition

In this case, Petitioner's conviction became final on direct review on November 10, 2002, the date on which the time for filing a petition for writ of certiorari to the United States Supreme Court expired. 28 U.S.C. § 2244(d)(1); Bowen, 188 F.3d at 1159. Thus, the limitations period would have commenced on November 11, 2002, but was immediately tolled because Petitioner had a petition for post-conviction relief pending in state court from June 21, 2002 until August 6, 2004. (Respondents' Exh. E, K) Because Petitioner did not seek appellate review of the denial of post-conviction relief, the limitations period began to run on August 7, 2004. 28 U.S.C. § 2244(d)(2)(providing that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation.") Thus, Petitioner had until August 7, 2005 to file a federal petition for writ of habeas corpus. Patterson, 251 F.3d at 1246 (adopting the anniversary rule).

Petitioner did not submit his § 2254 petition to prison officials for filing until March 10, 2006. (docket # 1 at 9) Thus, Petitioner's petition was filed over seven months after the limitations period expired. Because Petitioner's habeas petition is untimely, the Court need not consider Petitioner's claims unless he establishes a basis for equitable tolling.

### B. Equitable Tolling

The § 2244(d) limitations period may be equitably tolled because it is a statute of limitations, not a jurisdictional bar. Malcom v. Payne, 281 F.3d 951, 962 (9th Cir. 2002). Equitable tolling is only appropriate when "external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim. . . ." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir.1999). The petitioner bears the burden of proving that he is entitled to equitable tolling. Smith v. Duncan, 297 F.3d 809, 814 (9th Cir.2002); Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993). Tolling is appropriate when "extraordinary circumstances beyond a

prisoner's control make it impossible to file a petition on time." Id.  Tolling, however, is not available in most cases and is not available here. Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (stating that "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.") (citation omitted).

In his reply, Petitioner contends that prison conditions including limited access to legal materials constitute extraordinary circumstances that warrant tolling the statute of limitations. Petitioner also claims that he received ineffective assistance of counsel on post-conviction review and that he was unable to obtain legal assistance after the trial court denied post-conviction relief.  Finally, Petitioner claims that his age, 85 years old, and "senile dementia" constitute extraordinary circumstances that warrant equitable tolling. (docket # 11)

None of Petitioner's arguments establishes a basis for equitable tolling. Allen v. Lewis, 255 F.3d 798, 800 (9th Cir. 2001) (per curiam) (requiring petitioner to show that "extraordinary circumstances" were the "but-for and proximate cause of his untimeliness."). First, Petitioner's lack of familiarity with the law does not warrant tolling the limitations period. Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999)(neither petitioner's unfamiliarity with the legal process due to his illiteracy nor his lack of representation during applicable filing period merits equitable tolling); Hughes v. Idaho State Bd. of Corrs., 800 F.2d 905, 909 (9th Cir. 1986) (finding that a *pro se* prisoner's illiteracy was not sufficient to satisfy the standard of an objective, external factor amounting to "cause" for purposes of avoiding the procedural bar on his habeas claim); Reid v. Lambert, No. Civ. 02-848-AS, 2004 WL 1305249, * 3 (D.Or, March 29, 2004); Felder v. Johnson, 204 F.3d 168, 172-73 & n. 10 (5th Cir. 2000)(mere ignorance of the law or lack of knowledge of filing deadlines does not justify equitable tolling of AEDPA's limitation period).

Second, Petitioner's status as a prison inmate and the everyday difficulties inherent in prison life do not constitute extraordinary circumstances that warrant tolling the one-year limitations period. Jihad v. Hvass, 267 F.3d 803, 806–07 (8th Cir. 2001) (stating that prisoner's

lack of access to a transcript and unsuccessful attempt to obtain post-conviction counsel did not preclude the timely commencement of post-conviction proceedings and, therefore, did not warrant equitable tolling); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) (holding that delays caused by prison inmate law clerk and law library closures do not justify equitable tolling).

Petitioner also contends that he received ineffective assistance of counsel during state post-conviction review. Petitioner is not entitled to counsel on state post-conviction review, accordingly, post-conviction counsel's alleged ineffective assistance does not warrant equitable tolling. Poland v. Stewart, 169 F.3d 573, 588 (9th Cir. 1999)(stating that because there is no constitutional right to counsel in state collateral review proceedings, there is no constitutional right to effective assistance of counsel on collateral review, and alleged ineffectiveness cannot constitute cause for default). Petitioner also argues that the statute of limitations should be tolled because he was unable to obtain legal assistance after the denial of post-conviction relief. Again, because Petitioner was not entitled to post-conviction counsel, his failure to obtain counsel to appeal the ruling on his petition for post-conviction relief is not an extraordinary circumstance warranting tolling. Id. Additionally, requests for legal assistance do not rise to the level of the "extraordinary circumstances" necessary for equitable tolling. Miles, 187 F.3d at 1107; Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir.2000) (holding ignorance of law, delays caused by inmate law clerk, and inaccessibility of law library do not create "extraordinary" circumstances which merit equitable tolling.)

Finally, Petitioner argues that his "age and dementia" excuse his untimely filing. (docket # 11 at 7) Petitioner states that he is 85 years old and that he has been "diagnosed as having senile dementia" since 1998. (docket # 11 at 6) According to Petitioner's assertions in his Reply, he has suffered from dementia since the time of his underlying criminal trial and continues to suffer from dementia. Although Petitioner has suffered from "senile dementia" since 1998, he does not explain why he was able to file his federal habeas petition on March 10, 2006, but unable to do so seven months earlier — before the statute of limitations expired.

Similarly, he does not explain why he was able to file a timely Reply in this matter, but unable to file a timely § 2254 petition even though he suffered from dementia both at the time his § 2254 petition should have been filed and when he filed his Reply.

Mental incompetency may equitably toll the AEDPA's limitation period because mental incompetency is an extraordinary circumstance beyond a prisoner's control. Kelley, 163 F.3d at 541. But a showing of mental illness alone will not toll the limitation period. Under federal common law, mental illness tolls a limitation period only if "the illness in fact prevents the sufferer from managing his affairs and thus from understanding his legal rights and acting upon them." Miller v. Runyon, 77 F.3d 189, 191 (7th Cir.1996). Additionally, in Allen, 255 F.3d at 799, the Ninth Circuit established the showing a prisoner must make in order to demonstrate that "extraordinary circumstances" made it "impossible to file a petition on time." Allen held that the prisoner, at the very least, must show that the "extraordinary circumstances" were the proximate cause of his untimeliness. Id. In order to overcome the limitation barrier, petitioner must show that mental illness or other disability rendered him incapable of filing a habeas petition before the limitation period expired. Rhodes v. Senkowski, 82 F.Supp.2d 160, 169-70 (S.D.N.Y.2000) (prisoner must show that medical/mental problems rendered him unable to pursue his legal rights during relevant time period).

In this case, Petitioner sets forth no evidence showing that his age or "senile dementia" prevented him from filing a habeas petition on time. He does not allege how his age or dementia rendered him incompetent to file a habeas petition on time. He simply argues that he is 85 years old and has suffered from senile dementia since 1998. The record reflects that since 1998, Petitioner has filed timely pleadings with this and other courts and participated in litigation. There is nothing in the record which shows that age or dementia prevented petitioner from filing a habeas petition on time. Ross v. Hickman, No. C 00-2887 CRB (PR), 2001 WL 940911, *2 (N.D.Cal. 2001). On the record, the Court finds that Petitioner's age and "senile dementia" do not constitute extraordinary circumstances that warrant equitable tolling in this matter.

In conclusion, because Petitioner filed the pending Petition after the expiration of the limitations period and has failed to present any basis for equitable tolling, the Court should dismiss the pending Petition as untimely. In the alternative, Petitioner's Petition should be dismissed for failure to exhaust state remedies as discussed below.

**II. Exhaustion**

Under 28 U.S.C. § 2254(b)(1), before a federal court may consider a state prisoner's application for habeas relief, the prisoner must have exhausted, in state court, every claim raised in his petition. Coleman v. Thompson, 501 U.S. 722, 731 (1991). To properly exhaust state remedies, the prisoner must have afforded the state courts the opportunity to rule upon the merits of his federal constitutional claim by "fairly presenting" the claim to the state courts in a procedurally appropriate manner. Castille v. Peoples, 489 U.S. 346, 349 (1989). "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court . . . thereby alerting the court to the federal nature of the claim." Baldwin v. Reese, 541 U.S. 27, 29 (2004).

It is not enough that all the facts necessary to support the federal claim were before the state court or that a "somewhat similar" state law claim was raised. Reese, 541 U.S. at 29. (stating that a reference to ineffective assistance of counsel does not alert the court to federal nature of the claim.) The habeas petitioner must cite in state court to the specific constitutional guarantee upon which he bases his claim in federal court. Tamalini v. Stewart, 249 F.3d 895, 898 (9th Cir. 2001). General appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish fair presentation of a federal constitutional claim. Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), *amended on other grounds*, 247 F.3d 904 (9th Cir. 2001); Shumway v. Payne, 223 F.3d 982, 987 (9th Cir. 2000)(insufficient for prisoner to have made "a general appeal to a constitutional guarantee," such as a naked reference to "due process," or to a "constitutional error" or a "fair trial.") Similarly, a mere reference to the "Constitution of the United States" does not preserve a federal claim. Gray v. Netherland, 518 U.S. 152, 162-63 (1996). Even if the basis of a federal claim

- 8 -

is "self-evident" or if the claim would be decided "on the same considerations" under state or federal law, the petitioner must make the federal nature of the claim "explicit either by citing federal law or the decision of the federal courts . . . ." Lyons, 232 F.3d at 668.  A state prisoner does not fairly present a claim to the state court if the court must read beyond the petition or brief filed in that court. Reese, 541 U.S. 27.

Where a prisoner fails to "fairly present" a claim to the state courts in a procedurally appropriate manner, state court remedies may, nonetheless be "exhausted."  This type of exhaustion is often referred to as "procedural default" or "procedural bar."  Ylst v. Nunnemaker, 501 U.S. 797, 802-05 (1991); Coleman, 501 U.S. at 731-32. There are two categories of procedural default.

First, a state court may have applied a procedural bar when the prisoner attempted to raise the claim in state court. Nummemaker, 501 U.S. at 802-05.  If the state court also addressed the merits of the underlying federal claim, the "alternative" ruling does not vitiate the independent state procedural bar. Harris v. Reed, 489 U.S. 255, 264 n. 10 (1989); Carringer v. Lewis, 971 F.2d 329, 333 (9th Cir. 1992)(state supreme court found ineffective assistance of counsel claims "barred under state law," but also discussed and rejected the claims on the merits, en banc court held that the "on-the-merits" discussion was an "alternative ruling" and the claims were procedurally defaulted and barred from federal review.)  A higher court's subsequent summary denial of review affirms the lower court's application of a procedural bar. Nunnemaker, 501 U.S. at 803.

Second, the state prisoner may not have presented the claim to the state courts, but pursuant to the state courts' procedural rules, a return to state court would be "futile." Teague v. Lane, 489 U.S. 288, 297-99 (1989).  Any claim not previously presented to the Arizona courts is procedurally barred from federal review because any attempt to return to state court to properly exhaust a current habeas claim would be "futile."  Ariz. R. Crim. P. 32.1, 32.2(a) & (b); Beaty v. Stewart, 303 F.3d 975, 987 (9th Cir. 2002); State v. Mata, 185 Ariz. 319, 322-27, 916 P.2d 1035, 1048-53 (1996); Ariz. R. Crim. P. 32.1(a)(3)(relief is precluded for claims

waived at trial, on appeal, or in any previous collateral proceeding); 32.4(a), Ariz. R. Crim. P. 32.9 (stating that petition for review must be filed within thirty days of trial court's decision). A state post-conviction action is futile where it is time barred. Beaty, 303 F.3d at 987; Moreno v. Gonzalez, 116 F.3d 409, 410 (9th Cir. 1997)(recognizing untimeliness under Ariz. R. Crim. P. 32.4(a) as a basis for dismissal of an Arizona petition for post-conviction relief, distinct from preclusion under Rule 32.2(a)).

In either case of procedural default, federal review of the claim is barred absent a showing of "cause and prejudice" or a "fundamental miscarriage of justice." Dretke v. Haley, 541 U.S. 386, 393-94(2004); Murray v. Carrier, 477 U.S. 478, 488 (1986). To establish cause, a petitioner must establish that some objective factor external to the defense impeded his efforts to comply with the state's procedural rules. Murray v. Carrier, 477 U.S. 478, 488 (1986). The following objective factors may constitute cause: (1) interference by state officials, (2) a showing that the factual or legal basis for a claim was not reasonably available, or (3) constitutionally ineffective assistance of counsel. Murray, 477 U.S. at 488. To establish prejudice, a prisoner must demonstrate that the alleged constitutional violation "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimension." United States v. Frady, 456 U.S. 152, 170 (1982). Where petitioner fails to establish cause, the court need not reach the prejudice prong.

To establish a "fundamental miscarriage of justice" resulting in the conviction of one who is actually innocent, a state prisoner must establish that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt in light of new evidence. Schlup v. Delo, 513 U.S. 298, 327 (1995); 28 U.S.C. § 2254(c)(2)(B).

Here, Petitioner did not present any of his claims to the State court of appeals either on direct appeal or on post-conviction review. The only issues which Petitioner presented to the Arizona Court of Appeals were his claims on direct appeal that (1) the trial court erred in denying Petitioner's motion to continue, which in turn deprived Petitioner effective assistance of counsel; (2) the trial court erred in instructing the jury on transferred intent; and (3) the

prosecutor engaged in misconduct on closing argument. (Respondents' Exh. A, B) Petitioner does not raise those claims in the present proceeding. Although Petitioner raised a claim on ineffective assistance of counsel to the trial court on post-conviction review, he did not present that claim to the appellate court and, furthermore, it was based on state law.

Because Petitioner never presented the federal claims which he raises in the pending § 2254 Petition to the State court of appeals, he has procedurally defaulted on his claims. Claims that are procedurally barred from federal habeas review may warrant review on the merits if petitioner demonstrates: (1) cause for the default and actual prejudice; or (2) that failing to review the claims "will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 724. To establish cause for the default, a petitioner must establish that "some objective factor external to the defense impeded [his efforts] to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986). Prejudice is proved by demonstrating that the alleged constitutional violation "worked to [a petitioner's] actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." United States v. Frady, 456 U.S. 152, 170 (1982). Cause and prejudice are conjunctive requirements; where a petitioner fails to establish cause for his procedural default, the court need not consider whether petitioner has shown actual prejudice resulting from the alleged constitutional violations. Smith v. Murray, 477 U.S. 527, 533 (1986).

The "fundamental miscarriage of justice" exception applies only when a constitutional violation probably has resulted in the conviction of one actually innocent of a crime. Casey v. Moore, 386 F.3d 896, 921 n. 27 (9th Cir. 2004). To establish a "fundamental miscarriage of justice" resulting in the conviction of one who is actually innocent, a state prisoner must establish that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt in light of new evidence. Schlup v. Delo, 513 U.S. 298, 327 (1995); 28 U.S.C. § 2254(c)(2)(B); Calderon v. Thompson, 523 U.S. 538, 559 (1998) ("[T]he miscarriage of justice exception is concerned with actual as compared to legal innocence. . . . Given the rarity of [reliable] evidence [of actual innocence], in virtually every

case, the allegation of actual innocence has been summarily rejected.") (internal quotation marks and citations omitted).

Petitioner claims that he failed to present his claims to the appellate court because he was unable to obtain counsel after the trial court denied his petition for post-conviction relief. To the extent that Petitioner contends that post-conviction counsel was ineffective, such a claim does not constitute cause for his procedural default because Petitioner has no right to counsel on post-conviction review.  Because Petitioner was not entitled to counsel on post-conviction review, he cannot blame post-conviction counsel for his failure to raise his claims during those proceedings.  Poland v. Stewart, 169 F.3d 573, 588 (9th Cir. 1998)(stating that because there is no constitutional right to counsel in state collateral review proceedings, there is no constitutional right to effective assistance of counsel on collateral review, and alleged ineffectiveness cannot constitute cause for default).

Because Petitioner has failed to establish cause for his procedural default, the Court need not examine the existence of prejudice from the alleged violation of federal law.  Nor has Petitioner shown that his claims require federal review to prevent a fundamental miscarriage of justice.  The fundamental miscarriage of justice exception applies only when a petitioner establishes "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence."  Schlup, 513 U.S. at 327.  Here, Petitioner has not established that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt in light of new evidence. Id.  The fundamental miscarriage of justice exception does not apply in this case and a miscarriage of justice would not result from upholding the procedural bar.

**III.  Merits of Petitioner's Claims**

Although the Court need not consider Petitioner's claims because they are time-barred and procedurally barred, the Court will consider the merits of Petitioner's claims in an abundance of caution.

**A.  Standard of Review**

- 12 -

A state prisoner "whose claim was adjudicated on the merits in state court is not entitled to relief in federal court unless he meets the requirements of 28 U.S.C. § 2254(d)." Price v. Vincent, 538 U.S. 634, 638 (2003). Thus, a state prisoner is not entitled to relief unless he demonstrates that the state court's adjudication of his claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

In determining whether a state court decision was contrary to, or rested on an unreasonable application of, clearly established federal law, the federal court examines the last reasoned decision of a state court as the basis of the state court's judgment. Nunnemaker, 501 U.S. at 803.

The federal court must also determine whether the United States Supreme Court has "clearly established" the law on the legal issue which Petitioner raises. Lockyer v. Andrade, 538 U.S. 63, 71 (2003). Where the U.S. Supreme Court has not yet clearly established a rule of law, the writ will not issue. Mitchell v. Esparaza, 540 U.S. 12 (2004). Neither the district court nor the Ninth Circuit possess the authority to extend the law beyond Supreme Court precedent. Arrendondo v. Ortiz, 365 F.3d 778, 782 (9th Cir. 2004).

Under the "contrary to" clause of § 2254(d), a federal habeas court may not issue a writ, unless the state court: (1) applied a rule of law "that contradicts the governing law set forth in [Supreme Court] cases," or (2) "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [Supreme Court] precedent." Williams v. Taylor, 529 U.S. 362, 411 (2000). "It is not enough that a federal habeas court, in its independent review of the legal question," is left with the "firm conviction" that the state court ruling was "erroneous." Id.; Andrade, 538 U.S.

- 13 -

1  at 75. Rather, the state court decision "must be objectively unreasonable." Middleton v.
2  McNeil, 541 U.S. 433 (2004); Andrade, 538 U.S. at 76. An *unreasonable* application is
3  different from an incorrect application of law. Bell v. Cone, 535 U.S. 685, 694 (2002).
4  Likewise, an incorrect application of state law is insufficient to satisfy the standard of review.
5  Id. This standard is not the same as "clear error." Andrade, 538 U.S. at 75-76. "The gloss of
6  clear error fails to give proper deference to state courts by conflating error (even clear error)
7  with unreasonableness." Id. at 75 (citations omitted).

8  The reviewing court must refrain from "mischaracterization of the state court
9  opinion" or record and defer to "the presumption that state courts know and follow the law."
10 Woodford v. Viscotti, 537 U.S. 19, 25-27 (2002). Even if the state court neither explained its
11 ruling nor cites United States Supreme Court authority, the reviewing federal court must
12 nevertheless examine Supreme Court precedent to determine whether the state court reasonably
13 applied federal law. Packer, 537 U.S. at 8. The United States Supreme Court has expressly
14 held that citation to federal law is not required and that compliance with the habeas statute "does
15 not even require awareness of our cases, so long as neither the reasoning nor the result of the
16 state-court decision contradicts them." Id. Claims of ineffective assistance of counsel are
17 reviewed to determine whether the state court judgment amounts to an "unreasonable
18 application" of Strickland v. Washington, 466 U.S. 668 (1984), to the facts of the particular
19 case. Weighall v. Middle, 215 F.3d 1058, 1062 (9th Cir. 2000).

20 The Court will consider Petitioner's claims in view of the foregoing principles.

### B. Ineffective Assistance of Trial Counsel

23 In his first claim, Petitioner argues that trial counsel failed to adequately prepare for
24 trial because he "did not spend enough time" with Petitioner before trial. (docket # 1 at 5)
25 Petitioner claims that although counsel visited him several times at the jail, counsel was there
26 to see other clients and "only checked on [Petitioner] on the way out." (Id.) He further argues
27 that counsel only spent the three days preceding trial preparing and did not conduct any

investigation.           (<u>Id.</u>)

The controlling Supreme Court precedent is <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). <u>Hart v. Gomez</u>, 174 F.3d 1067, 1069 (9th Cir. 1999). Under <u>Strickland</u>, a petitioner must show that counsel's performance was objectively deficient and that counsel's deficient performance prejudiced the petitioner. 466 U.S. at 687; <u>Hart</u>, 174 F.3d at 1069. To be deficient, counsel's performance must be "outside the wide range of professionally competent assistance." <u>Strickland</u>, 466 U.S. at 690. When reviewing counsel's performance, the court engages a strong presumption that counsel rendered adequate assistance and exercised reasonable professional judgment. <u>Strickland</u>, 466 U.S. at 690. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." <u>Bonin v. Calderon</u>, 59 F.3d 815, 833 (9th Cir. 1995). Review of counsel's performance is "extremely limited." <u>Coleman v. Calderon</u>, 150 F.3d 1105, 1113 (9th Cir. 1998), *rev'd on other grounds*, 525 U.S. 141 (1998). Acts or omissions that "might be considered sound trial strategy" do not constitute ineffective assistance of counsel. <u>Strickland</u>, 466 U.S. at 689. Trial counsel's decisions regarding "whether to call specific witnesses - even ones that might offer exculpatory evidence - is ordinarily not viewed as a lapse in professional representation." <u>United States v. Best</u>, 219 F.3d 192, 201 (2nd Cir. 2000).

In addition to showing that counsel's performance was deficient, to prevail on a claim of ineffective assistance, petitioner must establish that he suffered prejudice as a result of counsel's deficient performance. <u>Strickland</u>, 466 U.S. at 691-92. To show prejudice, petitioner must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Id.</u> at 694; <u>Hart</u>, 174 F.3d at 1069; <u>Ortiz v. Stewart</u>, 149 F.3d 923, 934 (9th Cir. 1998).  The court may proceed directly to the prejudice prong. <u>Jackson v. Calderon</u>, 211 F.3d 1148, 1155 n. 3 (9th Cir. 2000)(citing

Strickland, 466 U.S. at 697). The court, however, may not assume prejudice solely from counsel's allegedly deficient performance. 211 F.3d at 1155.

In this case, Petitioner alleges that counsel was ineffective in failing to adequately prepare for trial and failing to investigate. (docket # 1 at 5) Petitioner did not raise a federal claim of ineffective assistance of counsel either on direct appeal or on post-conviction review. However, Petitioner raised similar claims to the State courts as discussed below.

Petitioner did not specifically raise a claim of ineffective assistance on direct appeal. Rather, he claimed that the trial court abused in discretion in denying counsel's motion to continue which in turn deprived Petitioner of ineffective assistance of counsel. (Respondents' Exh. B) Petitioner's claim was based on the following facts. On August 28, 2000, the trial court set a "firm" trial date of February 5, 2001. (Respondents' Exh. B at 4) On January 30, 2001, defense counsel moved for a continuance on the ground that his involvement in a different criminal matter that had concluded that same day had prevented him from adequately preparing for Petitioner's trial. The trial court granted the motion and continued the trial to February 8, 2001 with the presentation of evidence and testimony to begin on February 12, 2001. (Respondents' Exh. B at 4) On February 8, 2001, counsel moved for a second continuance which the trial court denied. (Id.) In denying the second motion for a continuance, the trial court noted that a key witness for both sides was scheduled for "serious surgery and that delaying the trial further might affect her ability to participate." (Respondents' Exh. B at 5) The trial court further found that defense counsel had had sufficient time to prepare.

On direct review, the appellate court found that the trial court did not abuse its discretion in denying counsel's second motion for a continuance. The Court of Appeals noted that the original trial date had taken into consideration counsel's other obligations and that the trial court did give counsel additional time in which to prepare in granting the first motion for continuance. (Respondents' Exh. B at 5) The appellate court further noted that defense counsel was a certified specialist in criminal law and that the "record does not show counsel to have been ill-prepared. . . ." (Id. at 5) The court further noted that the there was not a lot of

- 16 -

"forensic" evidence for counsel to have reviewed in connection with Petitioner's defense and, therefore, the denial of the continuance did not prejudice petitioner. (Id.)

Although the appellate court was not presented with a specific claim of ineffective assistance of counsel, it indirectly addressed that issue in analyzing Petitioner's claim that the trial court abused its discretion in denying counsel's motion for a continuance. In that context, the appellate court found no evidence that counsel was ill-prepared. The state court's factual determination is "presumed to be correct" on federal habeas review. Petitioner can overcome that presumption only by "rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Bean v. Calderon, 163 F.3d 1073, 1087 n. 3 (9th Cir. 1998). Petitioner has not presented any evidence to rebut this finding. Thus, the record contains no evidence to support Petitioner's contention that counsel was inadequately prepared.

The Court will next consider the trial court's analysis of Petitioner's state-law claim of ineffective assistance of counsel. Petitioner raised a claim of ineffective assistance, based on state law, to the trial court on post-conviction relief. (Respondents' Exh. K) Specifically, Petitioner argued that counsel did not adequately investigate his case and that further investigation would have refuted the finding of premeditation needed for first degree murder. (Respondents' Exh. K at 2)   The trial court found that counsel presented evidence of self-defense and lack of premeditation. (Id.) The jury, however, rejected that evidence in favor of the State's evidence that Petitioner "(1) armed himself; (2) went to the residence of his estranged wife where Defendant was no longer staying; (3) waited in the garage; (4) and then entered the house and told his wife she was not going to be with anyone else before shooting her." (Respondents' Exh. K at 2)  The trial court further found that Petitioner failed to show "that given the evidence, there is a reasonable probability that the outcome of  first-degree murder would have been different."  (Id.) Thus, Petitioner's claim of ineffective assistance failed.

Petitioner fails to establish that the state court decision is contrary to, or rests on an unreasonable application of, Strickland. 28 U.S.C. § 2254(d); Packer, 537 U.S. at 8 (stating that even if the state court does not cite Supreme Court law, the reviewing federal court must

- 17 -

examine Supreme Court precedent to determine whether the state court reasonably applied federal law.) Moreover, Petitioner's allegations are not sufficient to support a claim for federal habeas relief. Jones v. Gomez, 66 F.3d 199, 204-05 (9th Cir. 1995)(stating that conclusory allegations with no reference to the record or other evidence do not warrant habeas relief.) In the pending Petition, Petitioner does not allege what additional information counsel could have obtained through additional investigation. Wade v. Calderon, 29 F.3d 1312, 1316-17 (9th Cir. 1994)(rejecting claim of ineffective assistance where petitioner failed to provide support for allegation that counsel failed to investigate); United States v. Berry, 814 F.2d 1406, 1409 (9th Cir. 1989)(stating that claims that counsel failed to locate or interview witnesses must be accompanied by a showing of what the witnesses would say and how it would change the outcome.) Additionally, Petitioner fails to establish prejudice as a result of counsel's alleged ineffective assistance.

The record reflects that although defense counsel would have liked more time to prepare for Petitioner's trial, he was sufficiently prepared and presented evidence in support of the theories of self-defense and lack of premeditation. Petitioner has not presented any evidence to indicate that he was prejudiced by counsel's allegedly deficient performance. Accordingly, Petitioner's claim fails.

**C.  Ineffective Assistance of Post-Conviction Counsel**

Petitioner also argues that he received ineffective assistance of post-conviction counsel because post-conviction counsel did not raise a claim of ineffective assistance of trial counsel. This claim fails as set forth below.

First, because Petitioner has no right to counsel on post-conviction review, he has no right to effective assistance of counsel on post-conviction review. Poland v. Stewart, 169 F.3d 573, 588 (9th Cir. 1998)(stating that there is no constitutional right to counsel in state collateral review). Additionally, although post-conviction counsel did not raise a claim of ineffective assistance, Petitioner presented such a claim in his *pro se* supplemental petition. (Respondents' Exh.. ) As discussed above, the trial court rejected that claim. Because Petitioner

presented a claim of ineffective assistance of counsel on post-conviction review, he cannot establish that he was prejudiced by counsel's failure to present that same claim.  Finally, post-conviction counsel provided effective assistance in successfully arguing that Petitioner's conviction for aggravated assault was invalid – the trial court granted post-conviction relief on this claim and Petitioner's conviction for aggravated assault was vacated.  (Respondents' Exhs. I and K)  Post-conviction counsel made a strategic choice to raise viable issues on post-conviction review and his choice not to raise frivolous argument does not constitute ineffective assistance.  Strickland, 466 U.S. at 689.

### D. Innocence and Lack of Assistance

In his final claim, Petitioner asserts that he is innocent and that no one will help him.  Petitioner merely recasts his previous claim of ineffective assistance of counsel which the Court has already rejected.  Petitioner's assertion of "innocence" and lack of assistance are nothing more than unsupported, conclusory allegations which are not sufficient to support a claim for federal habeas relief.  Jones v. Gomez, 66 F.3d 199, 204-05 (9th Cir. 1995)(stating that conclusory allegations with no reference to the record or other evidence do not warrant habeas relief.)

### IV. Conclusion

In summary, Petitioner's claims fail as untimely, procedurally defaulted, and on the merits.

Accordingly,

IT IS HEREBY RECOMMENDED that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (docket # 1) be **DENIED**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.  The parties shall have ten days from the date of service of a copy of this recommendation within

which to file specific written objections with the Court. *See,* 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e), Federal Rules of Civil Procedure. Thereafter, the parties have ten days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See*, Rule 72, Federal Rules of Civil Procedure.

DATED this 25th day of September, 2006.

*[signature]*
Lawrence O. Anderson
United States Magistrate Judge

- 20 -